**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-4214

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHANNON ALEXIS WOODHAM,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Sherri A. Lydon, District Judge.  (4:21-cr-00457-SAL-1)

Submitted:  March 18, 2024                                Decided:  May 30, 2024

Before NIEMEYER and GREGORY, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Adair F. Boroughs, United States Attorney, Lauren L. Hummel, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shannon Alexis Woodham pled guilty, pursuant to a written plea agreement, to possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). He conditioned the plea on his right to appeal the district court's order denying his motion to suppress evidence. The district court sentenced Woodham to 92 months' imprisonment. On appeal, Woodham challenges the district court's denial of his motion to suppress evidence. Additionally, Woodham challenges the district court's determination that his prior South Carolina convictions under S.C. Code Ann. § 44-53-370(a)(1) qualified as controlled substance offenses to enhance his base offense level under the Sentencing Guidelines. We affirm.[1]

Woodham argues that the district court erred in denying his motion to suppress evidence obtained during a traffic stop and search of his car. On appeal, he maintains that the court erred in finding that the arresting officer had probable cause to initiate the stop based on the officer's belief that Woodham's car lacked a rear license plate light and that Woodham turned into a parking lot without using a left turn signal, both traffic violations.

When considering a district court's denial of a suppression motion, we "review legal conclusions de novo and factual findings for clear error [and] . . . consider the evidence in the light most favorable to the Government." *United States v. Pulley*, 987 F.3d 370, 376

---

[1] The Government does not seek to enforce the waiver provision in the plea agreement. And we do not enforce plea waivers sua sponte. *United States v. Jones*, 667 F.3d 477, 486 (4th Cir. 2012). Thus, the waiver does not preclude Woodham's sentencing challenge.

(4th Cir. 2021) (citation and internal quotation marks omitted). The temporary detention of a person during a routine traffic stop, "even if only for a brief period and for a limited purpose," constitutes a seizure of a person within the meaning of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806, 809 (1996); *United States v. Branch*, 537 F.3d 328, 335 (4th Cir. 2008). Observation of any traffic violation, no matter how minor, gives an officer probable cause to stop the driver. *United States v. Hassan El*, 5 F.3d 726, 730 (4th Cir. 1993).

The district court found that the arresting officer's dash cam video, as well as a still-frame image from another officer's body camera, corroborated the arresting officer's perception that Woodham's car lacked a rear license plate light in violation of S.C. Code Ann. § 56-5-4530. The district court also found that the dash cam video showed Woodham turn left without giving a signal in violation of S.C. Code Ann. § 56-5-2150. We have reviewed the record and conclude that the district court's findings are not clearly erroneous.

Next, we turn to Woodham's challenge to the district court's determination that Woodham's prior convictions qualify as controlled substance offenses under the Sentencing Guidelines; we review this claim de novo. *See United States v. Ward*, 972 F.3d 364, 368 (4th Cir. 2020). Woodham was previously convicted under S.C. Code Ann. § 44-53-370(a)(1) for possession with intent to distribute cocaine and distribution of narcotics. In his opening brief, Woodham contends that these convictions did not qualify as controlled substance offenses, arguing that a "distribution" under South Carolina law is an "attempted delivery." *See United States v. Campbell*, 22 F.4th 438, 441-42 (4th Cir. 2022) (holding that attempt offenses are not controlled substance offenses for purposes of USSG

3

§ 4B1.2(b)).  The court granted Woodham's motion filed after his opening brief to place the case in abeyance for *United States v. Davis*, 75 F.4th 428, 443 (4th Cir. 2023). Woodham now acknowledges, in his reply brief, that his claim is foreclosed by *Davis*. *Id.* (explaining that a "distribution" under South Carolina is a "delivery," which in turn is an "attempted transfer," and holding therefore that a distribution is not an attempt offense but rather a completed offense).[2]  We agree and conclude that Woodham's argument is foreclosed by *Davis*.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] Although Davis addressed S.C. Code Ann. § 44-53-375(B), we have noted elsewhere that S.C. Code Ann. § 44-53-375(B) is "almost identical" to § 44-53-370(a)(1). *See United States v. Furlow*, 928 F.3d 311, 320 (4th Cir. 2019), *vacated and remanded on other grounds*, 140 S. Ct. 2824 (2020).